LOUISVILLE WATER CO. v. WIEMER.

(Circuit Court of Appeals, Sixth Circuit. March 28, 1904.)

No. 1,210.

1. WATER COMPANIES—POWERS—REGULATIONS IN RESPECT TO STREET SPRINK-LING.

A water company chartered for the purpose of supplying a city and its inhabitants with water has power to make reasonable regulations in respect to furnishing water for sprinkling streets in the city; and regulations requiring persons engaged in the business to obtain a license from the company, and providing that more than one license would not be granted covering the same street or part of a street, which should be granted to the applicant having the largest list of petitioning owners of abutting property, are reasonable, and within the company's powers.

Appeal from the Circuit Court of the United States for the Western District of Kentucky.

See 130 Fed. 244, 246, 251.

The Louisville Water Company was incorporated by an act of the Legislature of Kentucky approved March 6, 1854, and granted "power and authority to construct and establish waterworks within the city of Louisville or elsewhere, for the purpose of supplying said city and its inhabitants with water." Sections 6 and 7 of the charter contain the following provisions:

"Sec. 6. In the laying and construction of the pipes and aqueducts in the city of Louisville, the same shall be so laid and constructed, that an abundant supply of water can be drawn therefrom for the extinguishment of fires; and said corporation shall furnish water to the city of Louisville, for the extinguishment of fires and cleaning streets, upon such terms as may be agreed between it and the authorities of said city; and it shall have the exclusive right to furnish water to the inhabitants of said city, by means of pipes or aqueducts, if the authorities of said city shall agree thereto, and upon such terms, and for such time, as may be agreed.

"Sec. 7. The said corporation is hereby empowered to sell the privilege of using the water which may be conducted through its pipes or aqueducts to any corporation or person; and the said corporation may make all reasonable rules and regulations as to the manner and the times in which said water may be taken and used."

For a long time prior to the origin of the present controversy the expense of sprinkling the streets of the city had been borne by the owners or occupants of the abutting lots, and the water was sprinkled on the streets by different persons in different localities, who were required to obtain a license to do the work from the water company. The rule of the company was to the effect that, when there were several applicants for a license to do the sprinkling in the same street or locality, it should be given to the one who produced the largest list of petitioning owners of abutting lots within the length of street to which the application extended. On January 24, 1903, an amendment of this rule was adopted whereby the determination in respect to the granting of the license was referred to the board of directors of the company. The original rule was adopted by the board as its guide in the present instance. The appellee, Wiemer, in February, 1903, made application to the president of the company for a license to sprinkle about 140 squares in the city, but, upon being requested to file his list of petitioners, declined to do so, claiming it was a private paper. Shortly thereafter the company granted a license to sprinkle the same streets to the Tramway Sprinkling Company, which had filed a list of petitioners, and the appellee was informed that his application was refused. The appellee removed from Louisville to New Albany, in Indiana, and on March 9, 1903, filed in the Circuit Court of the United States for the Northern District of Kentucky this, his bill, praying for a mandatory injunction to compel the company to supply him with water, and to afford him access to its hydrants, to enable him to sprinkle the streets and squares named in

130 F.—17

his application. The defendant's plea to the jurisdiction that the complainant was not a bona fide citizen of Indiana was overruled. It then filed a demurrer for want of equity, and because the complainant had an adequate remedy at law. The demurrer was overruled. Thereupon the complainant moved for a preliminary injunction compelling the defendant to grant him the license he had demanded pending the suit. The company contested this motion, but upon a showing of facts, of which the foregoing are all that we regard as material, the court granted the motion, and the preliminary injunction was issued as prayed, restraining the defendant from refusing to furnish complainant with water to sprinkle the streets. The company has appealed.

Lane & Harrison and John Roberts, for complainant.

Burnett & Burnett and George Du Relle, for defendant.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge, having stated the case as above, delivered the opinion of the court.

There is no assignment of error in overruling the plea to the jurisdiction or in overruling the demurrer. On the present appeal those matters are not directly before us, and can only be considered to the extent of their bearing on the propriety of the order granting a preliminary injunction, except, of course, that we might, if the circumstances required it, direct the cause to be dismissed for the reason that the citizenship of the complainant in Indiana is not bona fide. We conclude, however, to dispose of the appeal on its merits. In doing this we shall pass by the grave question whether in the Circuit Courts of the United States, in equity, a bill can be maintained for the purpose of compelling one person to perform a duty owed to another, in such circumstances as these.

We think the court below erred in holding that the appellant owed to the appellee the duty of which the latter demands performance. Passing by another question, namely, whether the appellee has such an interest in the sprinkling of the streets in Louisville as would entitle him to maintain a legal action of any sort, we are of opinion that the appellant, owing, as it did under its charter, a duty to the city, and perhaps to its inhabitants, of supplying water to be used in sprinkling the streets, had the power, nevertheless, to make reasonable regulations in regard to the agency by which its duty should be discharged. It could not lawfully so exercise its authority in that regard as to unnecessarily embarrass or impair its service to the public; and, if it did, it would expose itself to a liability to any person injured thereby for which there would be some legal remedy. But, subject to this condition, it might make such regulations as its own convenience and the proper conduct of its business might require. The granting of a license to any person to take water from its hydrants would seem to involve the right on the part of the company to have a voice in determining the person by whom it should be done. Certainly it cannot be said that there would be any propriety in granting licenses to any and all comers who should demand it to do the same thing. In this particular service it is obvious that this would lead to chaos, would embarrass the service to the public, and would be inconvenient and prejudicial to the company. We see nothing, therefore, that could be injurious to any lawful right of others in

the restricting the grant of the license to one person for a definite locality, so long as that person accomplished the duty of the company to the public in a proper way. The concession of this place to the one who could bring the largest approval of those of the other party who were most interested, seems fair. We are therefore unable to find any satisfactory ground for holding the rule adopted by the appellant for determining to what person the license should be granted to be void as either beyond its powers or unreasonable. The appellee did not entitle himself under it to demand the license, and, assuming that the appellee was one who had legal standing to compel the observance of it—which we greatly doubt—he failed to avail himself of it.

Similar, if not the same, questions were involved in the case of Fuhring against the Louisville Water Co. (a case decided by the Court of Appeals of Kentucky in 1879, but not reported). That was the case of a petition for a mandamus to compel this same company to furnish water to the petitioner wherewith to sprinkle the streets of Louisville. The Court of Appeals, waiving all question of the propriety of the remedy sought, and assuming that the company was bound to furnish an adequate supply of water for sprinkling the streets of the city, held that the plaintiff, it not appearing that she resided or did business or owned property on any of the streets which she proposed to sprinkle, had no such special interest as would entitle her to the relief sought; and, further, that, because of the confusion and waste that would otherwise ensue, the company might lawfully restrict its choice to one person, and that such choice was left to the company, no tribunal being expressly appointed for that purpose. In that case it does not appear that another had been already licensed, and the case goes upon the broad grounds that a person having no special interest by reason of residence or ownership had no right to coerce the choice of the company by compelling the selection of himself. The case goes further than the present, for here the company gave the plaintiff a chance to qualify himself of which he would not avail himself. The court below thought itself not bound by the decision referred to for the reason that the case might have been decided upon the fitness of the remedy. But as we think it sound in respect to the questions involved, we accept it as confirmatory of our own views, without deciding whether we should be bound by it or not.

The order appealed from must be reversed, with costs.